Gabrielli, J.
(dissenting). I respectfully dissent. Although I am in agreement with the standard legal principles enunciated by the majority, I cannot concur in what appears to be an obvious misapplication of those principles to the facts of this case.
A warrantless search based on probable cause is permissible if the facts underlying the search bring it within any of several narrow exceptions to the warrant requirement with which this court is fully familiar. One such exception to the warrant requirement is a search incident to a lawful arrest. Although this particular exception has had a somewhat uncertain history (compare Trupiano v United States, 334 US 699, *453 with United States v Rabinowitz, 339 US 56), it is now well settled and cannot be disputed that a police officer making a valid arrest may legitimately engage in a limited search of both the person of the arrestee and "the area from within which he might gain possession of a weapon or destructible evidence” (Chimel v California, 395 US 752, 763) without first obtaining a search warrant. Moreover, although the general rationale for permitting warrantless searches under certain circumstances is the need to allow a police officer sufficient flexibility to protect himself from possible danger and to prevent the destruction of evidence (see, generally, Arkansas v Sanders, 442 US 753, 759), a warrantless search incident to a lawful arrest may be made "whether or not there is probable cause to believe that the person arrested may have a weapon or is about to destroy evidence” (United States v Chadwick, 433 US 1, 14).
To be sure, such a search is subject, as it should be, to careful judicial scrutiny before its fruits may be admitted into evidence. As the Supreme Court has recently stated, "warrantless searches of luggage or other property seized at the time of an arrest cannot be justified as incident to that arrest either if the 'search is remote in time or place from the arrest’ * * * or no exigency exists. Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest” (United States v Chadwick, supra, at p 15). While these principles are readily articulated, their application to individual cases may seem, at first blush, to be a task of some complexity. This is so in large part because each case must turn upon its peculiar facts and "an apparently small difference in the factual situation frequently is viewed as a controlling difference in determining Fourth Amendment rights” (Arkansas v Sanders, 442 US 753, 757, supra). This observation is particularly apt when applied to a case such as this, in which all members of the court are agreed that the validity of the challenged search turns upon the degree to which the defendant and his property had come within the exclusive control of the police at the time of the search. Clearly, we are here presented with a valid arrest based upon probable cause. This is, as it must be, conceded by all. More *454 over, there exists no dispute but that the officer’s search of the persons of the defendant and his companions and the initial search of the car for contraband were entirely proper. The only issue that divides this court, then, is whether the officer acted illegally by extending his search to include the pockets of the jackets thrown on the back seat of the automobile. The courts below, which by law, unlike this court, are empowered to resolve disputes of fact, have concluded that the jackets were within reach of the four suspects and had not yet been reduced to the exclusive control of the officer. I find no justification for disturbing this essentially factual determination and, based upon this finding, the conclusion that the search was incidental to a lawful arrest cannot be avoided.
Certainly there exists sufficient evidence in the record before us to support the factual findings made by the courts below. Indeed, this case is illustrative of the type of situation in which a warrantless search is most appropriate. We are not here faced with an extended search of a defendant’s property after the defendant has been completely subdued and all actual danger has passed. Rather, this search was conducted by a lone peace officer who was in the process of arresting four unknown individuals whom he had stopped in a speeding car owned by none of them and apparently containing an uncertain quantity of a controlled substance. The suspects were standing by the side of the car as the officer gave it a quick check to confirm his suspicions before attempting to transport them to police headquarters or radioing for assistance. The situation was still fluid, and neither the suspects themselves nor their property had as yet been reduced to the exclusive and certain control of the police. I cannot agree that under these circumstances the officer acted improperly in searching the jackets found on the back seat of the automobile. The potential for danger to the officer or for the destruction of evidence is patent, and thus the search must be deemed incidental to the arrest.
I must confess that I am somewhat puzzled by the rationale adopted by the majority of this court today, for it appears rather ingenuous. Instead of undertaking that careful factual analysis of the realities underlying the continuing encounter between the lone officer and the four suspects which is so necessary to fairly judge the reasonableness of the officer’s actions, the court premises its decision completely upon an uncertain assumption drawn from two isolated facts. Appar *455 ently the majority believes that since the suspects were standing outside the car at the time of the search and had been told that they were under arrest, both their persons and their property had thereby been conclusively and safely reduced to the complete control of the officer, as a matter of law. Although one might well wish that all criminal suspects could so readily be subdued as a matter of law, I cannot agree with a decision that requires a police officer to stake his very life upon the validity of such a questionable presumption.
Accordingly, I vote to affirm the order appealed from.
Judges Jones, Wachtler, Fuchsberg and Meyer concur with Chief Judge Cooke; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed, etc.